UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE LEWIS, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>   Defendant. | Case No.: 3:19-cv-02035-H-AGS<br><br>**ORDER DENYING DEFENDANT GEICO'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 11.] |

On February 20, 2020, Defendant Government Employees Insurance Company ("Defendant" or "GEICO") filed a motion for summary judgment. (Doc. No. 11.) On April 15, 2020, Plaintiff Claire Lewis ("Plaintiff") filed a response in opposition to Defendant's motion. (Doc. No. 14.) On April 22, 2020, Defendant filed its reply.[1] (Doc. No. 15.) For the reasons below, the Court denies Defendant's motion for summary judgment.

**Background**

This case asks whether Plaintiff, named as one of the "Additional Drivers" on her parents' car insurance policy, is someone "named in the declarations" of that policy for purposes of receiving coverage for injuries caused by an underinsured motorist. On

---

[1] In Defendant's reply, Defendant also objected to certain statements Plaintiff made in the declaration she filed in her opposition to the motion for summary judgment. (Doc. No. 15-2.) The Court, exercising its discretion, declines to strike those statements in Plaintiff's declaration.

1

September 23, 2015, Plaintiff and her sister were walking across a street intersection in San Diego when an automobile struck Plaintiff. (Doc. No. 11-13, Ex. 8 at RT9:15–11:4.) Plaintiff suffered several injuries, incurring over $6,000 in medical expenses. (Doc. No. 11-11, Ex. 6 at 5–7.) After the accident, Plaintiff filed an insurance claim against the driver who hit her and recovered $15,000 from the driver's insurer. (Id.) Plaintiff also sought compensation for her injury through her parents' automobile insurance policy with Defendant, Policy No. 0987-71-22-05 (the "Policy"), invoking its provisions covering injuries produced by uninsured or underinsured motorists ("UM/UIM"). (Doc. No. 11-3, Martinez Decl. ¶¶ 7–8.)

The Policy limits its UM/UIM coverage to "*insured*" individuals, whom the Policy defines as:

(a) the individual named in the declarations and his or her spouse;
(b) relatives of (a) above if residents of his household;
(c) any other person while occupying an owned auto;
(d) any person who is entitled to recover damages because of bodily injury sustained by an insured under (a), (b), and (c) above.

(Doc. No. 11-6, Ex. 1 at 15.) The Policy's declarations page names Plaintiff's parents, Brian and Susan Lewis, as the "Named Insureds," and it names Plaintiff and her sister as "Additional Drivers." (Id. at 4.)

When Plaintiff filed a claim for coverage through her parents' insurance, Defendant initiated an investigation of her claim. (Doc. No. 11-3, Martinez Decl. ¶¶ 4–24.) On October 7, 2015, Defendant denied Plaintiff's claim for insurance coverage after determining that Plaintiff was not a "resident" of her parents' household. (Id. ¶ 25; Doc. No. 11-15, Ex. 10.)

On November 13, 2017, Plaintiff sent a letter to Defendant demanding arbitration of Plaintiff's claim for coverage. (Doc. No. 11-10, Ex. 5.) Upon receipt of Plaintiff's letter, Defendant initiated arbitration proceedings. (Doc. No. 11-3, Martinez Decl. ¶ 19.) During arbitration, Defendant conducted discovery, served interrogatories, and examined Plaintiff

under oath. (Id. ¶¶ 20–24.) On November 19, 2018, Defendant sent Plaintiff a letter denying coverage. (Id. ¶ 25; Doc. No. 11-15, Ex. 10.)

On June 25, 2019, Plaintiff filed a complaint in the San Diego Superior Court alleging breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. No. 1-2.) On October 22, 2019, Defendant removed the action to federal court.[2] (Doc. No. 1.)

## Discussion

### I. Legal Standards

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1031 (9th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Fortune Dynamic, 618 F.3d at 1031 (internal quotation marks and citations omitted); accord Anderson, 477 U.S. at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

A party seeking summary judgment always bears the initial burden of establishing

---

[2] "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). Though Plaintiff did not specify an amount in controversy in the complaint (Doc. No. 1-2), Defendant offered evidence suggesting that Plaintiff sought an amount greater than $75,000 (Doc. No. 1), and Plaintiff did not contest Defendant's removal of the case to federal court.

the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case that the nonmoving party bears the burden of proving at trial. Id. at 322–23; Jones v. Williams, 791 F.3d 1023, 1030 (9th Cir. 2015). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting former Fed. R. Civ. P. 56(e)); accord Horphag Research Ltd. v. Garcia, 475 F.3d 1029, 1035 (9th Cir. 2007). To carry this burden, the non-moving party "may not rest upon mere allegation or denials of his pleadings." Anderson, 477 U.S. at 256; see also Behrens v. Pelletier, 516 U.S. 299, 309 (1996) ("On summary judgment, . . . the plaintiff can no longer rest on the pleadings."). Rather, the nonmoving party "must present affirmative evidence . . . from which a jury might return a verdict in his favor." Anderson, 477 U.S. at 256.

When ruling on a summary judgment motion, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007). The court should not weigh the evidence or make credibility determinations. See Anderson, 477 U.S. at 255. "The evidence of the non-movant is to be believed." Id. Further, the Court may consider other materials in the record not cited to by the parties, but it is not required to do so. See Fed. R. Civ. P. 56(c)(3); Simmons v. Navajo Cnty., 609 F.3d 1011, 1017 (9th Cir. 2010).

**II.     Analysis**

Defendant seeks summary judgment, arguing that Plaintiff was not a resident of her parents' home and therefore not within the UM/UIM coverage of her parents' insurance policy. (Doc. No. 11-1.) Plaintiff argues that she qualifies for coverage under a separate clause that extends coverage to "the individual named in the declarations." (Doc. No. 14 at 6.) Plaintiff also claims that there is at least a triable issue of fact over whether she was

a resident of her parents' home. (<u>Id.</u> at 6–10.) The Court agrees that Plaintiff qualifies for coverage under the Policy as an individual named in the Policy's declarations.

The interpretation of an insurance policy is a question of law.[3] <u>Hartford Cas. Ins. Co. v. Swift Distribution, Inc.</u>, 326 P.3d 253, 259 (Cal. 2014). Such interpretation must give effect to "the mutual intention of the parties at the time the contract is formed . . . ." <u>Waller v. Truck Ins. Exch., Inc.</u>, 900 P.2d 619, 627 (Cal. 1995). To determine the intent of the parties behind an insurance contract, the Court "look[s] first to the language of the contract in order to ascertain its plain meaning," reading the language in its "ordinary and popular sense, unless used by the parties in a technical sense or a special meaning is given to them by usage." <u>Id.</u> (internal citations and quotation marks omitted). Language in an insurance contract "must be interpreted as a whole, and in the circumstances of the case, and cannot be found to be ambiguous in the abstract." <u>Id.</u>

Reading the Policy's plain language, Plaintiff qualifies for UM/UIM coverage. The Policy extends such coverage to "the individual named in the declarations,"[4] and Plaintiff is named as one of the "Additional Drivers" at the top of the declarations page, parallel to where her parents' names are listed. (Doc. No. 11-6, Ex. 1 at 4, 15.) Thus, Plaintiff is an "individual named in the declarations." <u>See</u> <u>Giovanna v. Vigilant Ins. Co.</u>, 202 Cal. Rptr. 364, 365–66 (Cal. Ct. App. 1984) (appellant's daughter, an "occasional driver," did not qualify for coverage as a "named insured" because her name "does not appear anywhere on the declarations page or elsewhere in the policy or the endorsements thereto"). This reading of the Policy's plain language is confirmed when reading the Policy as a whole. Courts "should give effect to every provision," and "an interpretation which renders part of the instrument to be surplusage should be avoided." <u>Flores v. Barr</u>, 934 F.3d 910, 915

---

[3] In this diversity action, the law of the forum state, California, governs interpretation of the insurance policy. <u>See</u> <u>Bell Lavalin, Inc. v. Simcoe & Erie Gen. Ins. Co.</u>, 61 F.3d 742, 745 (9th Cir. 1995).

[4] A strict reading of "the individual" to refer to only one person makes little sense in this case because the Policy lists, at minimum, two individuals, Brian and Susan Lewis, as "Named Insured." (Doc. No. 11-6, Ex. 1 at 4.)

(9th Cir. 2019) (internal citations and quotation marks omitted) (applying California law). Here, the Policy makes no reference to "Additional Drivers" other than when it names them in the declarations. Thus, to construe the Policy as Defendant does would render the "Additional Drivers" mere "surplusage," since the Policy otherwise does not grant any express coverage to the "Additional Drivers." For the "Additional Drivers" to have any meaning in the Policy, they must count as individuals "named in the declarations." Accordingly, Plaintiff qualifies for UM/UIM coverage as a person named in the declarations.

Defendant contends that the Policy's UM/UIM provision emerges from statute and must be construed to implement the statute's intent. See Prudential-LMI Com. Ins. v. Superior Court, 798 P.2d 1230, 1236 (Cal. 1990), as modified (Dec. 13, 1990). Even when doing so, however, the Court's analysis remains the same.[5] The UM/UIM provision at issue here is required by California's uninsured motorist statute, California Insurance Code § 11580.2. The statute is designed "to protect one lawfully using the highway by assuring him of payment of a minimum amount of an award to him for bodily injury caused by the actionable fault of another driver." Hartford Fire Ins. Co. v. Macri, 842 P.2d 112, 114 (Cal. 1992). Consequently, "courts are required to construe the uninsured motorist statute . . . in favor of coverage wherever possible. Any doubtful language in the statute should be resolved in favor of the insured." Craft v. State Farm Mut. Auto. Ins. Co., 18 Cal. Rptr. 2d 293, 298 (Cal. Ct. App. 1993); see also Borders v. Great Falls Yosemite Ins. Co., 140 Cal.

---

[5]   A policy provision required by law may fall under different rules of construction, those governing the construction of statutes. See Galanty v. Paul Revere Life Ins. Co., 23 Cal. 4th 368, 374, 1 P.3d 658, 662 (Cal. 2000). However, the rules of statutory interpretation bear close similarities to the rules for constructing insurance contracts. Compare State Farm Mut. Auto. Ins. Co. v. Garamendi, 88 P.3d 71, 78 (Cal. 2004), as modified (June 9, 2004) with Waller v. Truck Ins. Exch., Inc., 900 P.2d 619, 627 (Cal. 1995). In this case, shifting to the rules of statutory construction would only have the effect of nullifying the default rule that ambiguities in insurance policies are construed in favor of coverage. See Interinsurance Exch. v. Marquez, 172 Cal. Rptr. 263, 264 (Cal. Ct. App. 1981). But even then, the insurance rule in favor of coverage is replaced by the statutory rule that also resolves any "doubtful language in [California Insurance Code § 11580.2]" in "favor of coverage." Craft v. State Farm Mut. Auto. Ins. Co., 18 Cal. Rptr. 2d 293, 298 (Cal. Ct. App. 1993).

Rptr. 33, 40 (Cal. Ct. App. 1977). However, "the principle of liberal interpretation should not be applied to give a forced construction or one which inserts a requirement not contained in the statute where the statute is clear in the context of the factual situation." Id.

Defendant argues that the language of California Insurance Code § 11580.2 excludes additional drivers from UM/UIM coverage. The Court disagrees. The statute uses the same language as the Policy's provisions. It defines "insured" persons as: (1) "the named insured and the spouse of the named insured and, while residents of the same household, relatives of either while occupants of a motor vehicle or otherwise," and (2) "any other person while in or upon or entering into or alighting from an insured motor vehicle." Id. § 11580.2(b). The statute then defines the "named insured" as "the individual or organization named in the declarations of the policy . . . ." Id. In short, the statute simply defines a "named insured" as someone "named in the declarations." Id. As stated above, Plaintiff is someone "named in the declarations," and § 11580.2 provides no language that contradicts this conclusion.

Additionally, Defendant cites two cases, Shaw v. GEICO and Mercury Insurance Company v. Pearson, to claim that "Additional Drivers" do not receive UM/UIM coverage. But neither case applies here. In Shaw v. GEICO, the plaintiff conceded that California Insurance Code § 11580.2 would have excluded her from coverage, and Shaw did not analyze the language in either the policy or in § 11580.2. No. CV-187601-DSFF-FMX, 2019 WL 2610958, at *3 (C.D. Cal. June 4, 2019). Meanwhile, Mercury Insurance Company v. Pearson held that a plaintiff did not receive UM/UIM coverage because of the specific language of the policy at issue there. In Mercury, the plaintiff received coverage from the policy through a "Designated Person Endorsement." 87 Cal. Rptr. 3d 310, 315 (Cal. Ct. App. 2008). The Endorsement amended the section of an insurance policy providing protections against third party liability to include "the person(s) designated by name in this endorsement" as one of the "persons insured." Id. The Endorsement did not make a similar amendment to the section of the policy providing UM/UIM coverage. Id. Further, the Endorsement added language expressly limiting the policy's coverage of the

designated person, stating:

> It is agreed that the designated person(s) resides with the 'Named Insured' but is not a 'relative' as the words 'Named Insured,' and 'relative' are defined in the Policy. . . . The uninsured motorist coverage does not provide coverage for bodily injured sustained by a resident of the same household as the Named Insured, who is not a relative, unless such person(s) is occupying a motor vehicle listed in the policy declarations. It is agreed the designated person(s) is a resident of the same household as the Named Insured, is not a relative, and is only provided coverage when operating or occupying a motor vehicle listed in the policy declarations.

Id. (emphasis omitted). Thus, Mercury involved a policy that expressly limited the plaintiff's coverage to when the plaintiff was operating or occupying a motor vehicle. In contrast, the Policy here does not involve any provision that expressly limits the coverage received by the "Additional Drivers."

Given the plain language of the Policy, as well as the need to construe uninsured motorist provisions in favor of coverage, Craft, 18 Cal. Rptr. 2d at 298, the Court finds that Plaintiff qualifies for coverage under the Policy's UM/UIM provisions. Accordingly, Defendant is not entitled to judgment as a matter of law,[6] and the Court denies Defendant's motion for summary judgment.

## Conclusion

For the reasons above, the Court denies Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

DATED: May 7, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[6] Because the Court finds that Plaintiff qualifies for coverage as an individual named in the declarations, the Court need not address whether Plaintiff qualifies under the Policy's clause providing coverage for resident relatives. (Doc. No. 11-6, Ex. 1 at 15.)